**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MD. ISMAIL HOSSAIN    )<br>      )<br>   Plaintiff,    )<br>      )<br>v.          )<br>      )<br>PADMA BANGLA INC d/b/a  )<br>DISCOUNT FOOD MART and )<br>FAKHRUL AHMED    )<br>      )<br>   Defendants.   )<br>_____) | CASE NO.: 1:26-cv-00628-JPB |

**<u>DEFENDANTS, PADMA BANGLA INC d/b/a DISCOUNT FOOD MART AND FAKHRUL AHMED'S MOTION TO DISMISS PLAINTIFF, MD. ISMAIL HOSSAIN'S AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT</u>**

Defendants, Padma Bangla Inc. d/b/a Discount Food Mart ("Padma") and Fakhrul Ahmed's ("Mr. Ahmed") (jointly, "Defendants"), by and through their undersigned counsel and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, hereby respectfully move this Court to dismiss Plaintiff, MD. Ismail Hossain's ("Plaintiff") Amended Complaint ("Amended Complaint"). In support of this Motion to Dismiss, Moving Defendants state as follows:

## <u>LEGAL STANDARD</u>

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough factual allegations to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

Yet, a complaint "must contain something more… than… a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. "The Rule…demands more than an unadorned, conclusory accusation of harm." *Wiand v. Wells Fargo Bank, N.A.*, 938 F.Supp.2d 1238, 1242-43 (M.D. Fla. 2013) (citing *Iqbal*, 556 U.S. 662, 678 (2009)). Courts are not bound to accept a plaintiff's legal conclusions "couched as [] factual allegation[s]" as true. *Id.*; *see also Franklin v. Curry*, 738 F. 3d 1246, 1251 (11th Cir. 2013).

**ARGUMENT**

**I.    Plaintiff fails to adequately plead FLSA coverage under either individual or enterprise theories.**

In order to properly plead a claim under the FLSA for either minimum wage or overtime violations, a plaintiff must establish three threshold elements: (1) that the plaintiff was employed by the defendant; (2) that the employer or employee engaged in interstate commerce or is part of an enterprise engaged in such commerce; and (3) that violations of the FLSA under 29 U.S.C. § 206 or § 207 actually occurred. *Ray v. Adams & Assocs.*, 599 F. Supp. 1250, 1256 (S.D. Fla. 2022) (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). The second element, that the defendant be an entity or individual covered by the FLSA, is necessary in that it determines whether the FLSA applies to an employment relationship at all. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). To that end, coverage under the FLSA can be either individual or enterprise. *Id*.

To qualify for individual coverage, an employee must demonstrate that they were either (1) engaged in interstate commerce or (2) engaged in the production of goods for interstate commerce. *Id.* The term "engaged" requires *direct participation* in the actual movement of persons or things in interstate commerce, either by working for an instrumentality of interstate commerce (such as in the transportation or communication industries) or by regularly using the instrumentalities of interstate

commerce in the individual's work (such as through the recurrent use of interstate telephone, mail, or travel). *Ray v. Adams*, 599 F. Supp. 3d at 1256. Importantly, where an employee's activities are purely local and lack a substantial connection to interstate commerce, the FLSA does not apply, even if the employee is tangentially involved in such commerce, like using a credit card to purchase goods that may have originated out of state. *Thorne*, 448 F.3d at 1265-66.

Unlike enterprise coverage, individual coverage does not apply merely because an employee handles, sells, or otherwise works in goods or materials that traveled from out of state. *See Polycarpe v. E & S Landscaping Serv.*, 616 F. 3d 1217, 1220-21 (11th Cir. 2010) (holding that mere handling of out-of-state goods or materials is relevant consideration in analyzing enterprise coverage but is not similarly applicable in evaluating individual coverage). Rather, courts distinguish between "merchants who bring commerce across state lines for sale" and the person "who merely purchases goods that previously moved in interstate commerce for intrastate use." *Thorne*, 448 F.3d at 1267.

Enterprise coverage, though, applies when an employer meets two criteria: (i) the enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working in goods or materials that may have been moved in or produced for interstate commerce by any person; and (ii) the enterprise has annual gross volume of sales or business done of

at least five hundred thousand dollars. *Josendis v. Wall to Wall Residence Repairs*, 662 F. 3d 1292, 1298 (11th Cir. 2011). Both criteria must be pled in order to show that enterprise coverage, and therefore the FLSA, applies. *Id.*

> (A)*Plaintiff does not allege facts sufficient to support individual coverage under the FLSA.*

Plaintiff alleges that he "routinely processed credit and debit card transactions…, communicated with out-of-state vendors…, and handled goods and equipment…that moved in interstate commerce[.]" Am. Compl. ¶ 30. Hedging somewhat, Plaintiff goes on to add that these circumstances, "and/or" the fact that Plaintiff "otherwise engaged in activities affecting interstate commerce[]" support "individual coverage" under the FLSA. Am. Compl. ¶ 30.

In this way, Plaintiff seems to conflate the two distinct tests for coverage under the FLSA. Even accepting these allegations as true, they describe routine retail activity, including processing credit card transactions and communicating with vendors, which courts consistently hold does not constitute direct participation in interstate commerce sufficient to establish individual coverage. Plaintiff's allegations fail to identify how, beyond Defendant selling goods that traveled from out-of-state, Plaintiff was meaningfully engaged in interstate commerce such that individual coverage would apply. There are no allegations regarding the frequency, specific examples, or identification of vendors or communications that would constitute interstate business. After all, Plaintiff did not travel between states on

behalf of the Defendants, nor did Defendants' business at any time fall under the umbrella of the transportation or communications industry. By Plaintiff's own admission, Padma is a "convenience store." Am. Compl. ¶ 5. As such, Plaintiff's claims must be dismissed to the extent they rely on individual coverage as a basis for FLSA applicability.

(*B*) *Plaintiff also fails to plausibly plead enterprise coverage under the FLSA*.

Plaintiff's Amended Complaint contains only threadbare allegations that he is entitled to enterprise coverage under the FLSA. In fact, while Plaintiff makes conclusory allegations that Defendants' gross sales exceeded the $500,000.00 threshold for the years 2022-2025, he provides no factual basis for this conclusion. Defendants note also that Plaintiff's allegations conflict in this regard: Plaintiff's later claims that Defendants failed to maintain appropriate records renders his apparent certainty regarding Padma's gross sales virtually implausible.

To that end, Plaintiff's Amended Complaint is merely speculative. Without specific allegations, however, the Amended Complaint falls short of pleading requirements, and Plaintiff fails to plausibly allege that the FLSA applies to his claims.

## II.    **<u>Plaintiff fails to state a claim in Count III because he has not alleged any facts establishing the essential elements of retaliation.</u>**

To successfully state a claim for retaliation under the FLSA, a plaintiff must allege three elements: (1) that he engaged in an activity protected under the FLSA;

(2) that he suffered an adverse action by his employer; and (3) that there was a causal link between the protected activity and the adverse employment action by the employer. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000).

A protected activity, for the purposes of the first element, involves the filing of a complaint, the instituting of an action, or the causing of the institution of an action under or related to the FLSA. 29 U.S.C. § 215(a)(3). Meanwhile, merely asserting an "adverse action" is insufficient in pleading the second element of a retaliation claim. Rather, the adverse action must be material. *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648-649 (11th Cir. 2019) (citing *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 56 (2006)).

To be material, the action "must be harmful to the point that [it] could well dissuade a reasonable worker from making or supporting" a worker's claim under the FLSA. *Id.* (quoting *Burlington*, 548 U.S. at 57). This is to say that "not everything that makes an employee unhappy" constitutes adverse action. *Doe v. Dekalb County Sch. Dist.*, 145 F. 3d 1441, 1449 (11th Cir. 1998). At least one court in the Eleventh Circuit has explicitly held that neither "verbal abuse" nor "negative feedback" constitutes adverse actions under the FLSA. *Nolan v. St. Johns Cty. Sch. Bd.*, 759 F. Supp. 3d 1215 (M.D. Fla. 2024).

Finally, a causal connection between the protected activity and adverse action must be sufficiently pled in order to sustain a retaliation claim, which means a

plaintiff must allege that the adverse action would not have occurred but for the protected activity. *Wolf*, 200 F.3d at 1343. Evidence of temporal proximity between the protected activity and the adverse action, or other circumstantial evidence, may support this third element of a retaliation claim. *Id.*

Plaintiff's Amended Complaint fails to plausibly allege a retaliation claim, particularly as to the second and third elements described above. By way of adverse action, Plaintiff describes Mr. Ahmed subjecting Plaintiff to "verbal abuse" after Plaintiff's alleged request for overtime pay. Am. Compl. ¶¶ 46, 74, 76. While verbal abuse alone does not constitute a materially adverse action, Plaintiff's conclusory allegations fail to plausibly connect any alleged termination to protected activity.

As for a causal connection, Plaintiff once again appears uncertain in his own allegations, asserting without elaboration that "Defendants terminated Plaintiff to avoid compliance with the minimum wage requirements of the" FLSA. Am. Compl. ¶ 77. Plaintiff leaves Defendants and the Court to speculate as to why Plaintiff can say only that Defendants terminated him to avoid compliance with federal law. Plaintiff does not allege that he received information from Defendants, a third-party, or anyone else that Defendants sought to avoid compliance with the FLSA by dismissing Plaintiff. Nor does Plaintiff plead a single fact establishing temporal proximity, retaliatory animus, or decision-making causation, beyond vaguely alleging that Defendants terminated Plaintiff "shortly after Plaintiff requested

payment of overtime wages." Am. Compl. ¶ 75. For all Defendants and the Court know, "shortly" describes weeks or months between the alleged protected activity and the alleged adverse action, which is insufficient, without more, to plausibly establish causation.

The Amended Complaint fails to provide sufficient factual detail to give Defendants fair notice of the basis of the retaliation claim. In this way, Plaintiff fails to state a claim upon which relief may be granted, and Count III should be dismissed.

III. **Count V[1] must be dismissed because there is no private right of action for standalone regulatory claims[2].**

In Count V, Plaintiff asserts that Defendants "failed to provide…notice [explaining the FLSA] in writing or by public posting that could be readily understood by Plaintiff." Confoundingly, Plaintiff does not assert any injury resulting from this alleged notice violation. Therefore, Defendants first point out that, without an allegation that he was harmed by Defendants' conduct, Plaintiff cannot sustain *any* cause of action arising out of that conduct. Injury-in-fact, after all, is one of the three central tenets of standing under the United States Constitution. *See*, *e.g.*, *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979 (11th Cir. 1990). Given this, Count V is facially improper and should be dismissed.

---

[1] Plaintiff's Complaint labels the claim for injunctive relief as a second "Count IV." Defendants assume for the purposes of this Motion that the duplicative labeling is a scrivener's error and will hereinafter refer to the injunctive relief claim as "Count V."

[2] Plaintiff further indicates in the heading of this claim that relief is being sought pursuant to 29 U.S.C. § 207(a), while the body of the claim references 29 C.F.R. § 516.4 and appears to seek relief on that basis. Defendants therefore assume that this, too, is a scrivener's error and do not address Count V as a claim for relief under 29 U.S.C. § 207(a).

Beyond this fundamental deficiency, Count IV for alleged notice violations also fails because Plaintiff, as a private citizen, does not have the standing to assert it. Defendants are not aware of (nor does Plaintiff provide) any case law or statutory authority creating a private right of action for alleged regulatory violations. In fact, maintenance of Plaintiff's Count V is inconsistent with 11th Circuit's holding that "the right to bring an action for injunctive relief under the [FLSA] rests exclusively with the United States Secretary of Labor." *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir. 1998), *cert. denied*, 524 U.S. 916 (1998). *See also Cunningham v. Fulton County*, 785 Fed. Appx. 798, 802 n. 3 (11th Cir. 2019); *Ramlochan v. Sec'y, United States DOC*, 549 Fed. Appx. 869, 870-71 (11th Cir. 2013). Plainly, Plaintiff is not the United States Secretary of Labor, and his standalone claim for injunctive relief against Defendants for alleged notice violations should therefore be dismissed with prejudice.

**IV.** **Plaintiff's state-law claim should be dismissed for lack of supplemental jurisdiction and failure to state a claim.**

(A) *Count IV should be dismissed because the Court should decline to exercise supplemental jurisdiction.*

In Count IV, Plaintiff seeks recovery of the same wages allegedly owed to him under the FLSA. In this way, Plaintiff seemingly attempts to avoid any limitation on his recovery as a result of the FLSA's two-year statute of limitations for non-willful conduct. The Court's jurisdiction over Plaintiff's state law claim is supplemental,

given the Court's original subject matter jurisdiction over claims brought pursuant to the FLSA, though Plaintiff fails to specifically plead Count V as such.

A "district court may decline to exercise supplemental jurisdiction over a claim" where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In such cases, "the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin, U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025). To the extent Plaintiff's FLSA claims are dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for breach of contract.

(B) *Dismissal of Count IV is also warranted in that it merely seeks to circumvent the FLSA's remedial scheme for recovery of unpaid wages.*

As described more thoroughly in Section II of this Motion, Plaintiff may not recover under the FLSA for acts occurring outside the two-year statute of limitations period, because he has not sufficiently pled that Defendants engaged in willful conduct warranting an extension of that period. Moreover, a plaintiff cannot circumvent the remedies provided by the FLSA by asserting equivalent state law claims in addition to his FLSA claims. *Tombrello v. USX Corp.*, 763 F. Supp. 541, 543 (N.D. Ala. 1991).

In Count IV, Plaintiff seeks recovery of the very same wages he alleges are owed to him under the FLSA. He does not plead Count IV in the alternative to his federal claims but instead makes the same allegations under a new legal theory,

which courts in this Circuit do not allow. In this way, Plaintiff improperly seeks to circumvent the FLSA's remedial scheme. Accordingly, Plaintiff's equivalent state law claim for breach of contract in Count IV should be dismissed.

## CONCLUSION

Individually, but particularly in the collective, these deficiencies render Plaintiff's Amended Complaint woefully insufficient. The Amended Complaint is exactly what *Twombly* and *Iqbal* prohibit: a collection of legal conclusions without supporting factual allegations to reasonably alert Defendants of the claims against which they must defend. In this way, the Amended Complaint both fails to state any claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety, with prejudice, and grant such other and further relief as the Court deems just and proper.

**JIMERSON BIRR, P.A.**

By: _____
Curtis L. Campbell
Georgia Bar No. 734715
ccampbell@jimersonfirm.com
701 Riverside Park Place
Jacksonville, FL 32204
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
amandap@jimersonfirm.com
*Attorney for Padma Bangla,*
*Inc. and Fakhrul Ahmed*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this Motion to Dismiss and Memorandum of Law has been prepared in Times New Roman, 14-point font, with one-inch margins, and complies with the formatting and page-limit requirements of Local Rules 5.1 and 7.1(D) of the Northern District of Georgia.

## **CERTIFICATE OF SERVICE**

I CERTIFY that the foregoing document has been furnished to the below recipient via electronic mail on this 6th day of April, 2026:

**M. Khurram Baig**
mkbaig@baiglaw.com
125 Lawrenceville Street
Suite 100
Norcross, Georgia 30071
*Attorney for MD. Ismael Hossain*